By the Court,
Hitchcock, Judge.
The lands in controversy are parts of fractional sections 27 and 28, in T. 1, R. 11, in Miami county. They were originally entered by William H. Harrison, and assigned to D. Symmes, who paid for them, and was entitled to a final certificate und patent. Symmes died seized of the land, previous to 1818. On the 26th June, 1832, the heirs of Symmes, in consideration of one dollar, conveyed these and other lands, amounting in a'l to about three thousand acres, to N. LongworthandHenry Avery. Longworth after-wards conveyed his interest to Avery. On the 22d November, 1836, the land was patented to Avery as “ assignee of W. H. Harrison,” and on the 15th September, 1837, a patent issued to Avery, for the north half of fractional section No. 27, describing him as the “assignee of D, Symmes, deceased, assignee of William Henry Harrison.” Prom this it will appear that Symmes died seized of a perfect equitable title to the land in controversy, which descended upon his heirs, and had a patent been issued to these heirs, they would, according to the authority of the case of Bond v. Swearingen, 1 Ohio, 395, have been in by descent and not by purchase. Instead, however, of receiving a patent themselves, they transferred their interest to Longworth and Avery, and the patents were issued to the latter. This transfer included not only the premises in controversy, but other lands accounting in the whole to about three thousand acres, while the considerition paid seems *144 to have been but one dollar, A consideration, we should suppose, somewhat inadequate, if the heirs of Symmes entertained the opinion that. they had *any interest in the lands transferred. . The inadequacy of consideration, however, has nothing to do with the present case. The question here is as to the legal title. And the lessor of the plaintiff claims title under the patents from the government of the United States, before referred to
The defendanls derive title under a sale by the administratrix of' Daniel Symmes, made in 1819, pursuant to an order of the court of Common Pleas of Hamilton county, the court by which the letters of administration had been granted, and deeds in pursuance of such sale. There is no controversy but that the proceedings preliminary to the order of sale were all correct; nor is it disputed but that the sale-itself was legal, provided the court of 0 >mmon Pleas of Hamilton county had p’ower to make the order: and provided the interest off Symmes in the premises was such, that it could be sold by his personal representatives.
It is insisted by the counsel for the plaintiff, that the title of the-, defendants is defective, because, 1st. the land being situate in Miami county, the court of Common Pleas of Himilton county had no jurisdiction to order its sale. 2nd. The interest of Symmes being an-equitable interest, merely, could not legally be sold by an administrator, pursuant to an order of court; or in other words, that under the law in force at the time this sale was made, equitable interests in land, were not, in the hands of an administrator, assets for the payment off the debts of his intestate. These are the only questions argued by counsel, and it seems to be conceded that the decision of the case must-depend upon their determination.
So'far as respects the first point made, it has a’ready been settled at the present term, in the case of Lessee of Avery v. Pugh, ante, 67, in which it has been decided that under the law of 1816, the law under which this property was sold, the court of Common Pleas granting-letters of administration, had power to order the sale of land, where such sale was necessary to pay .the debts of a decedent, irrespective of' its locality.
The second point made involves the enquiry, whether under the law in force in 1819, the time of the sale of the premises in controversy, equitable interests in land were subject t-o the payment of a decedent’s debts, in a regular course of administration. It is insisted by the counsel for the plaintiff, that such interest oaa not be thus subjected *145 because the proceedings to procure an order of sale of real estate, is a purely legal proceeding, and as an equitable interest in land can not be sold on an execution at law, therefore a similar interest can not be sold in virtue of an order of the court of Common Pleas acting as a court of Probate, that order being the result of a legal proceeding. There is more plausibility than force in this argument. The jurisdiction and the practice of the several courts in this state, are regulated by statutes, and in order to ascertain their powers, we must look to those statutes. It is true that equitable interests in lands can not be sold on executions at law, and one reason is, that ample powers are possessed by the courts, acting as courts of chancery, to subject such interests to sale in satisfaction of judgments. But there can be no doubt but that the general assembly have power to direct such interests to be sold on executions at law ; and they have equal power to direct such interests to be sold by executors or administrators.
The law in force at the time of the sale of the premises by the administratrix of Daniel Symmes, was the act of January 25th, 1816, “ for the proving and recording wills and codicils, defining the duties of executors and administrators,” &e. 1 Oh. S. 926. This statute prescribes that the personal property of a decedent, with but little exception, shall be appropriated to the payment of his debts. And if the personal property or estate be insufficient for this purpose, then it is made the duty of the court granting the letters of administration, to-direct the administrator “ to sell so much of the real estate of the deceased, as shall be sufficient to discharge all such demands, after the money arising on the sale of personal property has been applied thereto.” What is real estate? I take it to be the interest which a man has in lands, tenements or hereditaments. If it be such an interest as can be enforced in a court of law, it is a legal interest or estate. If it be such as can only be enforced in a court of chancery, it is an equitable interest or estate. But in either case it is, “ real estate” or property. In the case of Livingston v. Newkirk, 3 John. C. R. 316, the chancellor says an equitable interest, founded upon articles for a purchase, and which a court of equity will specifically enforce, is real estate, which will pass by a devise subsequently made; and if there be no devise, will descend to the heirs, and the executor must pay the purchase money for the benefit of the heir.” If such an equitable interest be real estate, certainly an equity like that of Symmes’ in the present ease, must be real estate. Before his death, the entire *146 purchase money had been paid to the government, and nothing remained but that the patent should issue.
Again, equitable interests in land, are by our legislature treated as real estate. Of such interests by our statute, the widow is to be ^endowed, regardless of the debts due from her husband’s estate, although she is not entitled to a distributive portion of the personal property, until after all debts shall have been paid.
If an equitable interest in land is real estate, and we think it is, then it might be sold by an administrator under the law of 1816. And such sale would vest in the purchaser all the title of the intestate at the 'time of his death. In the case under consideration, the defendants, by their purchase in 1819, acquired all the title which Daniel Symmes had to the premises at the time of his death, which was a perfect equitable title. In the opinion of the court, the points made and argued by counsel, are with the defendants. But still there is a difficulty in the case. Although Symmes was entitled to a patent for the lands in controversy, none was ever issued to him. After his death, and after the sale by his administratrix, of all his interests to the defendants, his heir assigned to Avery, and the patent was issued to him as the assignee of those heirs. By this patent the legal title to the land is vested in Avery, and in ejectment, as a general rule, the legal title must prevail. Avery takes this legal title, however, under all the circumstances, subject to all the incumbrances which would have rested upon it, had it been vested in the heirs of Symmes. In their hands it would have been a naked legal estate. They would have taken by descent and not by purchase, and had their ancestor conveyed with warranty, it would have enured to make good the title of his vendees. But their ancestor did not convey. He died seized of the premises, having a perfect equity therein. By the sale of the administratrix, this equity was vested in the purchasers, and they were entitled to the patent. After this sale, neither the heirs of Symmes, nor their assignee, with notice, could take the legal title in any other character than as trustees for the purchasers.
This view of the case is not referred to by counsel, and from their statement of the facts we are led to the conclusion, that they do not wish it decided upon this point. Lest however we should be mistaken in this, we will remand the case to the county, and should the plaintiff persist in prosecuting, opportunity will be afforded the defendants of seeking relief in equity.
Cause remanded.